# Beale *v.* Bucher.

*Equity practice—Revocation of order—Expiration of term of court.*

Where an award is made May 18, awarding a fund in dispute and subsequently stay entered, pending a reargument, after which the award was revoked and rule for payment discharged on July 22, the objection is invalid that the first order was revoked after the term at which it was made, when the May term commenced on the third Monday which was May 15, and the next term commenced on the third Monday of September; it follows that all the proceedings are within the period of the May term.

*Equity practice—Hearing of bill and answer.*

A hearing being had, and decree made thereafter, on bill, answer and replication, it must be regarded as an argument on bill and answer where the allegations of the answer are admitted, nor will it be considered reversible error that an answer by two respondents was sworn to by the husband of one of them, he having the fullest knowledge of the matters involved.

Argued Feb. 14, 1900. Appeal, No. 16, Feb. T., 1900, by petitioner, in a suit of Erwin M. Beale, administrator c. t. a. of Dr. Aaron W. Eyer, for an order on Hon. J. C. Bucher to pay balance due said petitioner on mortgage, from order and decree of C. P. Union Co., March T., 1898, No. 52, dismissing said petition. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. W. PORTER.

Hearing on bill, answer and replication. Before McCLURE, P. J.

It appears from the record that this is a petition of Erwin M. Beale, administrator c. t. a. of Dr. Aaron W. Eyer, deceased, from an order on Hon. J. C. Bucher to pay the sum of $483.10 to petitioner on a mortgage of Isaac A. Eyer to the widow and heirs of Isaac Eyer, Jr., deceased. An answer was filed by the administratices of Mary Eyer, deceased, to which a replication was filed.

On May 18, 1899, the court made a decree awarding the money to Dr. Eyer's administrators and on July 22, 1899, upon a petition for reargument, the court revoked the order and discharged the rule at the petitioner's costs.

474, (1900).] Assignment of Errors—Opinion of the Court.

*Errors assigned* were in entering the order or decree of July 22, 1899, revoking the order of May 18, 1899, making the rule absolute, and in discharging the rule at petitioner's costs.

*Andrew A. Leiser,* for appellant.

*Samuel H. Orwig,* with him *J. Thompson Baker,* for appellees.

OPINION BY WILLIAM W. PORTER, J., April 23, 1900:

By the payment of the money into the hands of the stake-holder, in trust, the parties to the controversy submitted to the court the determination of the ownership of the sum of $483.10, claimed by the administrator of the estate of Aaron W. Eyer, on the one hand, and the administratrices of the estate of Mary Eyer on the other. The court below has reached the conclusion that the money belongs to the latter. We do not purpose re-hearsing the facts and figures here. We have examined both carefully, and are convinced that upon the merits of the con-troversy, the learned judge of the court below has put his decision on solid ground. Indeed, the argument for the appel-lant does not make any formidable attack upon the decree because of its want of equity as between the parties, but seeks rather to overthrow it on grounds more or less technical. The first objection is based upon the condition of the pleadings and proof. There was a petition by the now appellant for a rule on the trustee to pay. To this there was an answer, signed by two respondents, but sworn to only by the husband of one of them, who had, however, the fullest knowledge of the matters in-volved. To this a replication was filed. Strictly, the issue should have gone to an examiner to take testimony, or in some other form have been supported by evidence. It seems to have been argued upon petition, answer and replication, the petitioner not objecting. Surely this must be regarded as an argument by consent of the parties upon bill and answer, whereby the allega-tions of the answer are admitted, else the court had no facts un-denied or ascertained upon which to found a decree, and the order first made, which the appellant would have reinstated, would be as barren of support as the final order, which the ap-pellant desires to overthrow. It may be, however, that proofs were before the court as alleged by the appellee. Taking the

record as we find it, we are not impelled to disturb the decree -made.

The court below made an order on May 18, 1899, awarding the fund to the present appellant.   On June 24, 1899, an order ·of stay was entered, sur application for reargument.   On July 22, 1899, the opinion of the court below was filed, the order of May 18, 1899 revoked, and the rule for payment discharged. 'The argument is that the first order was reversed after the term .at which it was made.   This does not seem to be borne out by the facts.   The May term commenced upon the third Monday, which was May 15, 1899.   The next term commenced the third Monday of September.   The proceedings were thus all within ·the period of the May term.   We are unanimously of opinion :that the action of the court below was without error.

Decree affirmed.